**SO ORDERED.**

**SIGNED this 2nd day of July, 2018.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Daniel P. Caswell, | ) | Case No. 18-10107 |
| Gennell D. Caswell, | ) | |
| | ) | |
|       Debtors. | ) | |
| | ) | |
| Frederich Hof; | ) | |
| Wanda Leyes; and Frederich | ) | |
| Hof, as Trustee for the | ) | |
| Genevieve E. Stewart Winger | ) | |
| Revocable Living Trust, Dated | ) | |
| December 17, 1999; | ) | |
| | ) | |
|       Plaintiffs, | ) | Adversary No. 18-02013 |
| | ) | |
| v. | ) | |
| | ) | |
| Daniel P. Caswell, | ) | |
| Gennell D. Caswell, | ) | |
| | ) | |
|       Defendants. | ) | |

1

**MEMORANDUM ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS AMENDED COMPLAINT**

This adversary proceeding is before the Court on the Motion to Dismiss the Amended Complaint filed by Defendants Daniel P. Caswell and Gennell D. Caswell ("Defendants") on May 29, 2018. [Doc. 13].  The Court granted the parties an additional two weeks to file any supplemental materials regarding the pending Motion to Dismiss the Amended Complaint and then further extended the deadline through June 15.  [Docs. 15, 22].  Both parties timely filed supplemental materials, [Docs. 18, 21] ("Plaintiffs' Brief" and "Defendants' Brief," respectively), and the matter is ripe for determination.  For the reasons set forth below, Defendants' Motion to Dismiss the Amended Complaint will be granted as to plaintiffs Frederich Hof and Wanda Leyes in their individual capacities ("Plaintiffs"), and denied as to Plaintiff Frederich Hof, as Trustee of the Genevieve E. Stewart Winger Revocable Living Trust dated December 17, 1999 (the "Trust").

## I.   Jurisdiction and Authority

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334.  Under 28 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court by its Local Rule 83.11.  This dischargeability action is both a constitutionally and statutorily core proceeding.  See <u>Harvey v.</u>

Dambowsky (In re Dambowsky), 526 B.R. 590 (Bankr. M.D.N.C. 2015);
28 U.S.C. § 157(b)(2)(I).  The Court has authority to enter final
judgment herein.

## II.  Procedural Background

Defendants commenced the underlying bankruptcy case on
January 31, 2018, by filing a voluntary petition under chapter 7
of the Bankruptcy Code in this Court.  The first meeting of
creditors was set for February 26, making April 27 the deadline
for creditors to commence an action to determine the
dischargeability of any debt under 11 U.S.C. § 523(c).  See 11
U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c).  On April 9, Plaintiffs
timely filed a Complaint requesting that the Court determine that
the debt owed under the General Judgment and Supplemental Judgment
described below are nondischargeable.  On May 10, Defendants moved
to dismiss the original Complaint under Fed. R. Civ. P. 12(b)(6),
made applicable to this adversary proceeding by Fed. R. Bankr. P.
7012(b), contending that the individual Plaintiffs were not the
proper parties in interest to maintain the dischargeability
action.  On May 24, 2018, Plaintiffs and Frederich Hof, as Trustee
for the Trust, filed an Amended Complaint [Doc. 12] (the "Amended
Complaint") as a matter of course under Fed. R. Civ. P.
15(a)(1)(B), made applicable to this adversary proceeding by Fed.
R. Bankr. P. 7015.  On May 29, Defendants filed a Motion to Dismiss
the Amended Complaint under Rules 12(b)(6) and 15(c).  Due to the

filing of the Amended Complaint, the Court denied the original
Motion to Dismiss as moot on May 30. [Doc. 15]. The Court now
addresses the Motion to Dismiss the Amended Complaint.

### III. Factual Background

Ms. Genevieve E. Stewart Winger ("Winger") died on October
15, 2012, leaving three beneficiaries of the Trust—Frederich Hof,
Wanda Leyes, and Gennell D. Caswell ("Ms. Caswell"). Ms. Caswell
assumed the role of trustee of the Trust prior to Winger's death
and, with the involvement of her husband, Daniel P. Caswell ("Mr.
Caswell"), administered the Trust. The individual Plaintiffs sued
Mr. and Ms. Caswell in the Circuit Court for the State of Oregon
(the "State Court") and obtained a judgment. See General Judgment
and Money Award ("General Judgment"), [Doc. 12, Ex. A, p. 10]. In
the General Judgment, the State Court appointed plaintiff
Frederich Hof as successor trustee of the Trust and granted
Frederich Hof and Wanda Leyes, as plaintiffs, judgment against Mr.
and Ms. Caswell in the sum of $341,141.03.[1] Id. at 11. As required
by Oregon Statute § 18.042, the General Judgment separately set
out the money award in the judgment. In the money award portion
of the General Judgment, the State Court identified Frederich Hof,
as Trustee for the Trust, as the judgment creditor in the amount

---

[1] The General Judgment awards this amount in three separate paragraphs,
addressing Plaintiffs' Second (Undue Influence), Fourth (Breach of Fiduciary
Duty), and Sixth (Surcharge) Claims for relief, respectively.

of $341,141.03.  Id. at 12.  The money award portion of the General
Judgment further provided that attorneys' fees as well as costs
and disbursements would be determined by supplemental judgment.
Id.  Thereafter, the State Court entered its Supplemental Judgment,
awarding Frederich Hof, as Trustee for the Trust, an additional
money award in the amount of $150,000.00 for attorneys' fees.
Supplemental Judgement and Money Award ("Supplemental Judgment"),
Id. at 15.  The Supplemental Judgment further provided post-
judgment interest at 9% per annum.  Id. at 16.

## IV.  DISCUSSION

Defendants contend that the Amended Complaint must be
dismissed because it is untimely under Rule 4007 since the original
Complaint was not asserted by Frederich Hof on behalf of the Trust
as the judgment creditor and the Amended Complaint was filed after
the deadline for filing a complaint to determine the
dischargeability of a debt.  Defendants maintain that this is a
"major change" that prevents relation back of the Amended Complaint
to the filing of the original Complaint under Rule 15.  Plaintiffs
counter that the Amended Complaint relates back under Rules 15 and
17, and that even if the Amended Complaint does not relate back,
Plaintiffs as individual beneficiaries under the Trust have a
sufficient interest to confer standing under non-bankruptcy law to
sue for the benefit of the Trust and their indirect benefit as
beneficiaries.

**A. Standing**

Bankruptcy Rule 4007(a) provides that only "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."  "The right to bring a proceeding under Rule 4007 turns upon the right to enforce collection of the debt which is at issue."  9 Lawrence P. King, Collier on Bankruptcy ¶ 4007.02 (16th ed. 2018).  Section 523 excepts certain types of "debt" from the debtors' discharge.  The Code defines a "debt" as "liability on a claim."  11 U.S.C. § 101(12).  For purposes of this dischargeability proceeding, a claim means a "right to payment . . . ."  11 U.S.C. § 101(5)(a).  The "debt" sought to be excepted from discharge in this adversary proceeding is solely the right to payment awarded by the judgments, rather than any purely equitable relief.  See Taylor v. Taylor (In re Taylor), 572 B.R. 592, 600-01 (Bankr. E.D.N.C. 2017).  Therefore, the Court must determine who is entitled to enforce the right to payment awarded by the General Judgment and Supplemental Judgment under Oregon law in order to determine the proper plaintiff to bring this dischargeability action.

Oregon law defines a judgment as "the concluding decision of a court . . . as reflected in a judgment document." Or. Rev. Stat. Ann. § 18.005(8) (West 2018).  Oregon law further provides:

> The judgment document for a judgment in a civil action
> that includes a money award must contain a separate
> section clearly labeled as a money award. Any judgment
> in a civil action that includes a money award, but does
> not contain a separate section clearly labeled as a money
> award, does not create a judgment lien but may be
> enforced by any other judgment remedy.

Or. Rev. Stat. Ann. § 18.042(1) (West 2018).  The separate money award required by Or. Rev. Stat. Ann. § 18.042(1) must specifically identify each judgment creditor.  Or. Rev. Stat. Ann. § 18.042(2)(a).  In this case, both judgments, in compliance with Oregon Statute § 18.042, separately provide for money awards that identify Frederich Hof, as Trustee for the Trust, as the sole judgment creditor.

Plaintiffs contend that they are individually entitled to enforce the $341,141.03 judgment on the Second, Fourth, and Sixth Claims for relief under Oregon Statute § 18.042, which permits enforcement "by any other judgment remedy."  However, under the plain language of the Statute, this savings provision, allowing judgments that do not contain "a separate section clearly labeled as a money award" to be enforced by other judgment remedies, does not apply to the General and Supplemental Judgments because each includes a separate money award.

Under Oregon law, "'[j]udgment remedy' means: (a) The ability of a judgment creditor to enforce a judgment through execution; and (b) Any judgment lien arising under ORS 18.150 or 18.152."  Or. Rev. Stat. Ann. § 18.005(11) (West 2018).  The judgment creditor identified in the

money award section of the General Judgment and the Supplemental Judgment is Frederich Hof, as Trustee for the Trust.  Therefore, Frederich Hof, as Trustee, is the appropriate party to enforce any right to payment under the judgments, and the Motion to Dismiss the Amended Complaint with respect to Plaintiffs Frederich Hof and Wanda Leyes in their individual capacities will be granted.

**B. Relation Back Pursuant to Rules 15 and 17**

Generally, "[a]n action must be prosecuted in the name of the real party in interest[,]" though "a trustee of an express trust" "may sue in [his] own name[] without joining the person for whose benefit the action is brought[.]"  Fed. R. Civ. P. 17(a)(1)(E). Under this rule, Frederich Hof did not have to bring the action in the name of the Trust, but could sue in his name as trustee. Instead of filing the original Complaint in his capacity as trustee, Frederich Hof filed the original complaint solely in his individual capacity, rather than as trustee.  Nevertheless,

> [a] court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).  Where the real party in interest is permitted to be substituted, the action is deemed to have been originally commenced by that party.  Id.

8

Similarly, under Rule 15, an amended pleading filed after a deadline relates back to the original pleading when, among other instances, "the law that provides the applicable statute of limitations allows relation back; [or] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(A)-(B).  In summary,

> courts have generally seen [Rule 17] as having a "negative function," "enabl[ing] a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have a proper res judicata effect." Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83, 84 (4th Cir.1973). Nevertheless, . . . the Advisory Committee's Notes to both Rule 15 and Rule 17, as well as some cases, suggest that Rule 17 retains a residual affirmative purpose. The Committee explains that "[t]o avoid forfeiture of just claims," Rule 17 "provide[s] that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect" using Rule 15. Fed. R. Civ. P. 15 advisory committee's note (1966). Thus, Rule 17 is "intended to insure against forfeiture and injustice" in cases where "an honest mistake has been made in choosing the party in whose name the action is to be filed." Fed. R. Civ. P. 17 advisory committee's note (1966). In this spirit, courts have often permitted amendment under Rule 17 even late in the course of litigation.

Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001).  The decision whether to permit a complaint to be amended to add the real party interest under these rules is within the discretion of the trial court.  Id. at 168.

Plaintiffs assert that the monetary judgments are non-dischargeable under § 524(a)(4). A complaint alleging an exception to discharge under § 524(a)(4) must be filed within 60 days of the first meeting set for creditors in the underlying bankruptcy case pursuant to Rule 4007(c).[2]

The Amended Complaint alleges claims identical to those of the original Complaint, which was timely filed and provided full notice to Defendants of specific wrongs, potential liability, and the debt which Plaintiffs sought to except from Defendants' discharge. Plaintiffs' failure to name the real party in interest, the Trustee for the Trust, did not result from dishonesty or an effort at a tactical advantage. In fact, the original Complaint attached a copy of the General Judgment and Supplemental Judgment, thereby removing any question as to the obligation Plaintiffs sought to except from Defendants' discharge.

"Rules 15 and 17 of the Federal Rules of Civil Procedure . . . contemplate allowing just this sort of party-substitution." In re Meyer, 120 F.3d 66, 68-69 (7th Cir. 1997). In Meyer, a

---

[2] Fed. R. Bankr. P. 4007(c) provides:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

subsidiary of a parent corporation filed a nondischargeability complaint before the 60-day deadline imposed by Rule 4007. Id. at 68. At the time, the loan had been transferred to the parent corporation, making the parent corporation the real party in interest. Id. The parties did not become aware of the transfer until discovery. Id. The district court and the Seventh Circuit Court of Appeals each affirmed the bankruptcy court's decision to permit party substitution after the 60-day deadline. Id. 67-68. The Seventh Circuit noted that, although the incorrect party filed the original complaint, the complaint identified the specific debt at issue and thereby put the defendant on notice of the entirety of the liability in dispute. Therefore, the amendment did not prejudice the defendant. The court found that these considerations fully satisfied the purposes of Rule 4007(c) and Rules 15 and 17, stating:

> The force of Rule 4007(c) . . . should fall first and foremost on whether a complaint was filed against a specific debt, not so much on who makes the complaint. Here, [the subsidiary's] timely filing put Meyer on notice. Meyer knew that some creditor in a daisy chain would contest the discharge of the $3 million-plus default judgment. The purpose of Rule 4007(c) had thus been served, and the 60-day rule satisfied. We also note that Meyer has not shown, nor even argued, that he suffered any prejudice from the nominal error. That the subsidiary . . . filed instead of the parent . . . was of no consequence to Meyer. The absence of prejudice to Meyer affirms our view that Rule 4007(c) turns on the identification of a contested debt, not of the contesting creditor.

Id. at 68.[3]   In this case, the original plaintiff is even more closely related to the real party in interest than was the parent company in Meyer.   Frederich Hof was an original plaintiff, and will remain the plaintiff under the amendment, although solely in his capacity as trustee.   As in Meyer, the original Complaint clearly identified the debt by attaching the judgments themselves, and the Amended Complaint did not add any additional claims or expose Defendants to additional liability.   These circumstances are precisely the type sought to be protected by Rules 15 and 17.

The circumstances in which courts do not permit relation back are very different from those presented here.   In Intown, a driver of a Wheaton Van Lines truck hit a restaurant owned by the plaintiff.   Intown Props. Mgmt., 271 F.3d at 167.   The restaurant's insurer paid the restaurant for certain damages and filed suit against Wheaton to recover the amount paid.   Id.   The restaurant was aware of the insurer's suit, but did not timely seek to intervene in the insurer's suit.   Id.   Instead, after that deadline

---

[3] Defendants argue that they will be prejudiced by permitting the amendment to relate back because they waited for the 60-day deadline to pass before informing Plaintiffs of the error.   See Defendants' Brief, p. 3.   Defendants therefore essentially argue that prejudice arises out of having to defend the claim, which they would not have to do if the Amended Complaint is deemed to be untimely.   This argument is logically flawed on numerous bases.   If being forced to defend an action itself is prejudice, there never would be circumstances under which relation back did not prejudice a defendant. Furthermore, the fact that the Defendants immediately saw this "obvious error," id., demonstrates that they did not suffer any prejudice because they were fully on notice and aware of the relief sought prior to expiration of the time period under Rule 4007.

and after the underlying statute of limitations had lapsed, the restaurant commenced a separate suit against Wheaton for additional damages.  Id.  The two suits were consolidated, and Wheaton moved to dismiss the restaurant's claims based on the statute of limitations.  Id.  The restaurant, having failed to timely move to intervene and having commenced its suit after the expiration of the statute of limitations, attempted to join the insurer's suit as the real party in interest under Rules 15 and 17 by instead moving to amend the insurer's complaint to add itself as the real party in interest to assert additional damages.  Id.[4]

The Fourth Circuit upheld the district court's denial of the motion to amend in Intown.  The court first observed that an untimely motion to intervene should be denied, which "seems only fair because, if permitted, intervention may expose a defendant to additional liability."  Id. at 168-69 (observing that such additional liability exposure would have occurred in its case if the restaurant were permitted to untimely intervene).  Having failed to timely sue or intervene, the restaurant "revers[ed] course," attempting to circumvent the limitations period and the intervention deadline by amendment to the insurer's complaint.

---

[4] Although not specifically mentioned by the Fourth Circuit, it does not appear that there was any dispute that the insurer was the real party in interest with respect to the claims in its original complaint, since it already had paid those damages to its insured.  This observation stands in contrast to this case, in which the Trust is the proper party to assert the dischargeability claim for relief in the original Complaint.

Id.   The court refused to permit the restaurant to accomplish indirectly that which it could not do directly, relying on the Advisory Committee's language that "specifically cautions against abuse of Rule 17: the rule 'should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the correct party to sue is difficult or when an understandable mistake has been made.'"   Id. (quoting Advisory Committee notes from the 1966 amendment to Fed. R. Civ. P. 17); cf. In re Perez, 173 B.R. 284, 292 (Bankr. E.D.N.Y. 1994) (denying relation back of a second amended complaint due to insufficient notice to the defendant in the original or amended complaints "of the wrongs or conduct alleged" in the second amended complaint).

In this case, as in Meyer, Plaintiffs timely but erroneously filed the original Complaint alleging the nondischargeability of a specific debt in the capacity of a related entity.  The State Court awarded the debt at issue under judgments in an action in which Plaintiffs here were the plaintiffs.  Indeed, the original Complaint and the Amended Complaint differ in a single respect: the addition of the real party in interest, Frederich Hof, as Trustee for the Trust.  Plaintiffs' mistake was neither tactical, nor dishonest, particularly given the recitation of awards set forth in the judgment documents as described above, and does not subject Defendants to additional liability.  Defendants received sufficient notice of the wrongs and conduct alleged such that

permitting the Amended Complaint to relate back does not constitute undue prejudice.  Further, Defendants concede that they understood the complaint and proper party from the inception of the case, see Defendants' Brief, p. 3, and the Amended Complaint was filed in the nascence of the case, even earlier than in Meyer, prior to a discovery conference pursuant to Fed. R. Civ. P. 26, and prior to the entry of a scheduling order.  In fact, the parties requested and obtained a continuance of the initial pretrial conference, which has not occurred as of the date of this Order.  To deny relation back under these circumstances would be an abuse of the Court's discretion.  Thus, the Motion to Dismiss the Amended Complaint will be denied as to Frederich Hof, as Trustee for the Trust.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion to Dismiss the Amended Complaint is granted as to Frederich Hof and Wanda Leyes in their individual capacities, and denied as to Frederich Hof, as Trustee for the Genevieve E. Stewart Winger Revocable Living Trust, Dated December 17, 1999.

[END OF DOCUMENT]

**PARTIES TO BE SERVED**

Daniel P. Caswell
Gennell D. Caswell
8318 Maloe Ct.
Oak Ridge, NC 27310

Frederich Hof
Wanda Leyes
c/o Sprouse Law Firm, PLLC
3101 Poplarwood Ct., Suite 115
Raleigh, NC 276504

Robert A. Lefkowitz
The Lefkowitz Law Firm
3500 Brunswick Ct.
Winston-Salem, NC 27104

James W. Sprouse, Jr.
Sprouse Law Firm, PLLC
3101 Poplarwood Ct., Suite 115
Raleigh, NC 27604

William P. Miller
Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401